## Esz v. Fisher Tank Corp.

*James P. Gannon*, for defendant.
*Lowell A. Reed*, for additional defendant.

CATANIA, J., May 23, 1974.—The additional defendant, Munck, Inc., has filed preliminary objections requesting that the complaint of defendant, Fisher Tank Corp., be stricken and the writ to join additional defendant be dismissed as to Munck, Inc. This request is made because of the alleged violation of the court rules, specifically Pennsylvania Rule of Civil Procedure 2254(b) and the great delay of Fisher Tank Corporation in obtaining service of the writ to join and in filing its complaint.

On March 30, 1971, plaintiff, Helmut Esz, then employed by Munck, Inc., was allegedly injured on the premises of Fisher Tank Corporation, while installing a crane manufactured by the Mayor Pollack Steel Co., Reading Crane & Hoist Divison. On April 28, 1972, plaintiff filed a complaint charging Fisher Tank

Corporation with negligence. On June 28, 1972, a writ to join Mayor Pollack Steel Co., and the employer, Munck, Inc., was issued.

Service of the writ to join was attempted and returned "Not Found" as to Munck, Inc. No further attempt was made to serve the writ to join Munck, Inc., until June 22, 1973, when Judge Robert A. Wright signed an order which authorized service to be made upon Munck, Inc., a foreign corporation, through the Secretary of the Commonwealth. The order was signed upon consideration of defendant's petition for service of process upon a foreign corporation through the Secretary of the Commonwealth. Thereafter, on June 26, 1973, defendant, Fisher Tank Corporation, filed a praecipe to reissue the writ to join with the Prothonotary.

Munck, Inc., contends that defendant did not comply with Pa. R.C.P. 2254(b) which states:

"(b) The writ, or the complaint of the defendant or the additional defendant if the joinder is commenced by complaint . . . shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days after the commencement of the action to join, *unless the time be extended by the court upon cause shown.*" (Emphasis supplied)

Where a writ to join an additional defendant has not been served within 30 days after its issuance it has been held that the only method of obtaining an extension of time for service is by application to the court upon cause shown: Mowery v. Stein Beer Company, 78 D. & C. 89 (1951); Miller v. Lohr, 81 D. & C. 111 (1951). Munck, Inc., therefore, contends that, since an application to the court upon cause shown was not made, Rule 2254(b) was not complied with.

Fisher Tank Corporation, on the other hand, says its petition for service of process upon a foreign

corporation through the Secretary of the Commonwealth had the same effect as an application to the court. In the petition, defendant set forth its attempt to have the writ served and the fact that the sheriff's return was marked "Not Found" and that a present address of Munck, Inc., was found to be in Hampton, Va. It was based on this information that Judge Wright signed the order granting service through the Secretary of the Commonwealth.

It must also be remembered that it was not due to any inadvertence of defendant's counsel that the writ was not served within the 30-day period but because Munck, Inc., had removed itself from the area and could not be found. Defendant certainly had meritorious cause sufficient to move the court to grant the extension provided by the rule.

Pennsylvania Rule of Civil Procedure 126 expresses the purpose, spirit and policy of the Rules of Civil Procedure when it states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In this spirit, we must treat defendant's petition for service of process upon a foreign corporation as an application to the court for an extension of time within which to file the writ. Although technically the preliminary objections could be sustained, this court, upon the record of this case, would then entertain an application by defendant for an extension of time upon cause shown to join Munck, Inc., which would only further delay the determination of this case.

Accordingly, we enter the following:

## ORDER

And now, to wit, May 23, 1974, upon consideration of the briefs and arguments of the respective parties, it is ordered and decreed that the preliminary objections filed by the additional defendant be and the same are hereby dismissed. The additional defendant is further ordered to file any responsive pleadings it deems appropriate within 30 days from the date of this order.